UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES RAY SIMS and PAMELA SIMS, )
Individually and on behalf of all others )
Similarly situated, )
        Plaintiffs )
)
vs. )
) Case No. CV 07-5053
)
MENU FOODS INCOME FUND, )
MENU FOODS MIDWEST CORPORATION, )
MENU FOODS SOUTH DAKOTA, INC., )
MENU FOODS, INC., MENU FOODS )
HOLDINGS, INC., )
        Defendants )

## DEFENDANTS' REPLY TO PLANTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY

COMES NOW the Separate Defendants, MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS, INC. and MENU FOODS HOLDINGS, INC., (collectively referred to as "MENU FOODS"), by and through counsel, JONES & HARPER, and submit their reply in support of Defendants' Motion to Stay pending the transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML") and a determination of class certification by the transferee court. In support thereof, Defendants set forth the following:

In their opposition to Defendants Motion to Stay, Plaintiffs contend that "there is no assurance that the case will be transferred to another court, and there is no reason to prejudice the Plaintiffs' claim based upon a speculative transfer." Yet, on April 16, 2007, this Plaintiff filed a motion for consolidation and transfer to the Western District of Arkansas ("Plaintiff Simms' MDL Motion"). *See* Plaintiff Simms' MDL Motion attached hereto as Exhibit "A." Additionally, Plaintiffs' counsel filed another case on April 13, 2007, in the Western District of Arkansas with almost identical allegations against Defendants to bolster their argument for transfer to the Western District of Arkansas. *See* Cooper v. Menu Foods, et. al., attached hereto as Exhibit "B." Defendants have yet to be served or appear in the Cooper case. The fact that Plaintiff filed another case in the Western District of Arkansas with almost identical allegations against Defendants also weighs heavily in favor of a stay and makes consolidation appropriate. Moreover, in Plaintiff Simms' MDL Motion, Plaintiffs not only agree with Defendants' arguments for a stay but use them in their MDL Motion. Specifically, Plaintiffs agree that "transfer and consolidation will promote convenience for the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification;" *See* Exhibit "A," pp. 4-5.

Plaintiffs contend that they will eliminate any potential hardship on Defendants by "accept[ing] discovery responses on a computer disc and shar[ing] discovery with other Plaintiffs' counsel." Yet, in their MDL Motion, Plaintiffs argue for

2

consolidation because:

> "Plaintiffs in each action will seek to depose many of the same individuals from the Defendants and their various affiliates and request production of a substantially similar set of documents. Failing to consolidate these actions will therefore result in duplicative discovery efforts, requiring witnesses to appear for multiple depositions and defendants to produce several sets of the same documents."

*See* Exhibit "A," p.7. The idea of this Plaintiffs' counsel volunteering to manage pre-trial discovery amongst all Plaintiffs' counsel is absurd. Plaintiffs' counsel is attempting to push this case along to bolster his argument for transfer and consolidation to the Western District of Arkansas.

Plaintiffs contend that they "will be prejudiced by having to wait months to learn what defenses it will face." Defendants are not asking this Court to stay the proceedings indefinitely, but rather until the Judicial Panel hears the MDL Motions (Collectively known as "MDL 1850 - *In re Pet Food Products Liability Litigation.*"). The Judicial Panel has issued a Notice of Hearing Session that it will consider the MDL Motions on May 31, 2007, approximately five (5) weeks from the filing of this pleading. *See* April 12, 2007 Notice of Hearing Session attached hereto as Exhibit "C."

Additionally, Plaintiffs contend that "motions to stay are generally denied when motions to transfer and consolidate are concurrently pending" without citing to a single opinion by this Court or the Eighth Circuit to support its proposition. To the

3

contrary, Eighth Circuit courts have granted motions to stay pending a transfer decision by the Judicial Panel, and for persuasive authority on the issue, Defendants offer citation to *Baron v. Merck & Co., Inc.*, 2006 WL 2521615, *1 (E.D. Mo. 2006); *S.M. ex rel. Wilson v. Janssen Pharmaceutica, L.P.*, 2006 WL 950212, *1 (E.D. Mo. 2006); *Buie v. Blue Cross and Blue Shield of Kansas City, Inc.* 2005 WL 2218461, *2 (W.D. Mo. 2005); *Calder v. A.O. Smith Corp.*, 2004 WL 1469370, *1 (D. Minn. 2004). On the issue of stays pending a determination of class certification, Defendants offer the following citations for persuasive authority: *Kramer v. NCS Pearson, Inc.*, 2003 WL 21640494, *1 (D.Minn. 2003); *Johnson v. Resource Bancshares Mortg. Group*, 1999 WL 33912054, *2 (D.Minn. 1999); *Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc., Archer-Daniels-Midland Co.* 1995 WL 783610, *5 (D. Minn. 1995).

Further, the cases which Plaintiff cites for the proposition that "a case should proceed during the pendency of a motion to consolidate" either can be distinguished or are not relevant to the case at bar. *In re Airport Car Rental Antitrust. Litig.*, 448 F. Supp. 273 (J.P.M.L. 1978) (Motion to stay was not at issue; court was asked to decide whether it should consolidate cases to promote judicial efficiency); *In re Master Key Antitrust Litig.*, 320 F. Supp. 1404 (J.P.M.L. 1971) (same); *In re Swine Flu Immunization Prods. Liab. Litig.*, 89 F. R. D. 695 (D. D.C. 1981) (Motion to stay was not at issue; court was asked to determine appropriate attorneys' fees); *EEOC v. Burlington Northern, Inc.*, 618 F. Supp. 1046 (N.D. Ill. 1985) (same).

For all of the above and foregoing reasons, Defendants' Motion to Stay should be granted. Defendants are not asking this Court to enter a stay to "avoid[] answering the Complaint," but rather because a stay would further the interests of judicial economy and promote just and efficient conduct of this litigation. Furthermore, absent a stay, Defendants would be substantially prejudiced by duplicative discovery and expending significant resources defending multiple cases in jurisdictions around the country. Conversely, any slight delay that Plaintiffs may experience will be minimal. Given the high probability of consolidation, and in order to promote the goals of Section 1407 of avoiding duplicative efforts and inconsistent rulings, this Court should stay these proceedings pending the transfer decision by the Judicial Panel and determination on class certification by the transferee court.

WHEREFORE, Separate Defendants, MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS, INC. and MENU FOODS HOLDINGS, INC., respectfully request this Honorable Court enter an Order staying further proceedings in this matter, including but not limited to Separate Defendants' obligation to timely respond to Plaintiffs' Complaint, pending the transfer decision by the Judicial Panel and a determination of class certification by the transferor court.

Respectfully submitted,

/s/Christy Comstock
Christy Comstock (AR #92246)
Robert L. Jones, III (AR #69041)
Jones & Harper
21 West Mountain, Suite 300
Fayetteville, AR 72701
(479) 582-3382
Fax (479) 587-8189

and

Edward B. Ruff
Michael P. Turiello
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

ATTORNEYS FOR SEPARATE
DEFENDANTS, MENU FOODS
INCOME FUND, MENU FOODS
MIDWEST CORPORATION, MENU
FOODS SOUTH DAKOTA, INC., MENU
FOODS, INC. and MENU FOODS
HOLDINGS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this ___day of April 2007, electronically and by first class mail, postage prepaid to:

Jason M. Hatfield
Lundy & Davis, LLP
300 N College Ave Ste 309
Fayetteville AR 72701

/s/Christy Comstock
Christy Comstock

6