UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| CHARLES RAY SIMS and PAMELA SIMS, Individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br><br>VERSUS<br><br>MENU FOODS INCOME FUND,<br>MENU FOODS MIDWEST CORPORATION,<br>MENU FOODS SOUTH DAKOTA INC.,<br>MENU FOODS, INC., MENU FOODS HOLDINGS, INC.,<br>　　　　Defendants. | § § § § § § § § § § § § § | CASE NO. 5:07-cv-05053-JLH |

************************************************************************************

**BRIEF IN SUPPORT OF MOTION FOR DEFAULT PURSUANT TO
RULE 55 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Separate Defendants, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc., and Menu Foods Holdings, Inc. (hereinafter "Separate Defendants") were served a copy of the Class Action Complaint and Summons in the current matter on March 23, 2007. (*See*, Document ## 3, 4, 5, and 6, timely filed with the clerk). The Separate Defendants had twenty days to file a response. Fed. R. Civ. P. 4(a). Twenty days from March 24, 2007, would be Thursday, April 12, 2007. The Separate Defendants failed to plead or otherwise defend as provided by the Federal Rules of Civil of Civil Procedure within the time allowed. "When a party against whom a judgment for

- 1 -

affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). The following is a timeline which demonstrates the dates of service:

| DATE | TIME* | PARTY | DESCRIPTION | DOCKET # |
|---|---|---|---|---|
| 03/21/07 | 4:28 pm | Plaintiffs | Class Action Complaint filed; Summons issued | 1 |
| 03/23/07 | 1:54 pm | Plaintiffs | Service obtained on Defendant Menu Foods, Inc. – Answer due 04/12/07 | |
| 03/23/07 | 2:10 pm | Plaintiffs | Service obtained on Defendant Menu Foods Midwest Corporation – Answer due 04/12/07 | |
| 03/23/07 | 2:10 pm | Plaintiffs | Service obtained on Defendant Menu Foods South Dakota Inc. – Answer due 04/12/07 | |
| 03/23/07 | 2:10 pm | Plaintiffs | Service obtained on Defendant Menu Foods Holdings Inc. – Answer due 04/12/07 | |
| 04/04/07 | 7:49 am | Plaintiffs | Return of Service as to Defendant Menu Foods Holdings, Inc. – Answer due 4/12/07 | 3 |
| 04/04/07 | 7:57 am | Plaintiffs | Return of Service as to Defendant Menu Foods Midwest Corporation – Answer due 04/12/07 | 4 |
| 04/04/07 | 8:00 am | Plaintiffs | Return of Service as to Defendant Menu Foods South Dakota Inc. – Answer due 04/12/07 | 5 |
| 04/04/07 | 8:02 am | Plaintiffs | Return of Service as to Defendant Menu Foods Midwest Corporation – Answer due 04/12/07 | 6 |
| 04/12/07 | 8:04 pm | Defendants | Motion to Stay | 7 |
| 05/02/07 | 1:18 pm | Court | Order (Denying Motion to Stay) | 13 |

*all times are CDT

It is undisputed that the Separate Defendants have not answered the Complaint nor alleged any defenses provided by Rule 12 of the Federal Rules of Civil Procedure. On April 11, 2007, at 4:21 p.m. CDT, defense counsel Michael P. Turiello acknowledged by e-mail to Plaintiffs' counsel that the answer in this case was due the following day, and stated as follows:

- 2 -

Jason-

I believe our answer is due in the Sims case tomorrow. Would you agree to an order extending our time to answer otherwise plead? Let me know. Thanks.

Mike

After an April 12, 2007 telephone conversation with defense counsel, Michael P. Turiello, Plaintiffs' counsel responded by letter sent via facsimile at 1:44 p.m. and via e-mail at 1:53 p.m. to Mr. Turiello and to Christy D. Comstock, as follows:

Dear Mike:

I enjoyed talking with you this afternoon regarding the answer that is due today in the Sims v. Menu Foods litigation. Please be advised that I will agree to give you a fourteen (14) day extension to file a responsive pleading. If you decide to file a motion for an extension greater than that period of time, please advise the Court in your motion that I had agreed to a fourteen (14) day extension.

Thank you.

Very truly yours,

Jason M. Hatfield

Mr. Turiello rejected the offer of extension by e-mail dated April 12, 2007, as follows:

Jason-

It was nice speaking with you as well. I will need more than 14 days so we will be filing a motion to stay on behalf of the four served defendants. Please let me know when you have worked your way through the Hague Convention and served Menu Foods Income Fund. Thanks.

Mike

Separate Defendants did not answer or defend the Complaint, did not ask for an extension, but instead filed their Motion to Stay on April 12, 2007 at 8:04 p.m. CDT

(Document #7) and their Separate Defendants' Brief in Support of Motion to Stay on April 12, 2007 at 8:06 p.m. CDT (Document #8), with exhibits being filed the following day (Document #9).

A motion to stay does not satisfy the obligation to answer or extend the time to plead under Rule 12 of the Federal Rules of Civil Procedure, since a motion to stay is not a motion listed under Rule 12 which will excuse the otherwise timely filing of an answer. Thus, the time has run and the Separate Defendants are in default.

As noted by the Court's Order of May 2, 2007 (Document #13), "Plaintiffs counter that . . . they should not be prevented from commencing discovery." The ruling of the Court to "abide by the wisdom of Rule 1.5" accepts that 28 U.S.C. § does not affect or suspend orders and pretrial proceedings in the district court, thus requiring answers to be timely filed and allowing discovery to commence at the district court level. Plaintiffs are severely prejudiced in their attempt to proceed with discovery against any of the Defendants herein due to the lack of a responsive pleading by any Defendant, thereby limiting Plaintiffs from knowledge of what defenses will be alleged and what facts are in dispute.

Plaintiffs seek this Court's permission to obtain entry of default, as required by Rule 55 in an action against the Separate Defendants.

Dated: May 3, 2007.

>CHARLES RAY SIMS and PAMELA SIMS, On Behalf of Themselves and Others Similarly Situated, PLAINTIFFS
>LUNDY & DAVIS, L.L.P.
>Attorneys for the Plaintiffs
>300 N. College Ave., Suite 309
>Fayetteville, AR 72701
>(479) 527-3921

By:     /s/ Jason M. Hatfield
        Jason M. Hatfield
        AR Bar #97143

## CERTIFICATE OF SERVICE

I, the undersigned, of Lundy & Davis, L.L.P., state that I have caused the above and foregoing document to be served upon defense counsel via e-mail transmission, as follows:

Hon. Christy Comstock
Hon. Robert L. Jones, III
Jones & Harper
21 West Mountain, Suite 300
Fayetteville, AR 72701
582-3382
587-8189 – fax
ccomstock@joneslawfirm.com

Hon. Edward B. Ruff
Hon. Michael P. Turiello
Pretzel & Stouffer, Chartered
One South Wacker Drive, Suite 2500
Chicago, IL 60606
(312) 346-1973
(312) 346-8242
eruff@pretzel-stouffer.com
mturiello@pretzel-stouffer.com

on this 3rd day of May, 2007.

    /s/ Jason M. Hatfield
    Jason M. Hatfield