UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| CHARLES RAY SIMS and PAMELA SIMS, Individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br><br>VERSUS<br><br>MENU FOODS INCOME FUND,<br>MENU FOODS MIDWEST CORPORATION,<br>MENU FOODS SOUTH DAKOTA INC. ,<br>MENU FOODS, INC., MENU FOODS HOLDINGS, INC.,<br>　　　　Defendants. | § CASE NO. 5:07-cv-05053-JLH<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR DEFAULT

Rule 7 of the Federal Rules of Civil Procedure states, "[t]here shall be a complaint and an answer . . ." Rule 12 of the Federal Rules of Civil Procedure provides that, "a defendant shall serve an answer (A) within 20 days after being served with the summons and complaint . . ." Rule 12 also provides that, "the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be

granted, (7) failure to join a party under Rule 19."

Plaintiffs in the above-styled case obtained service on Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods Holding, Inc., and Menu Foods, Inc. on March 23, 2007. On April 12, 2007, the date Defendants' answer was due, Plaintiffs' attorney agreed to extend the deadline to answer by fourteen days, with the agreement that Defendants file a responsive pleading by that date. (Attached as Exhibit A is Jason Hatfield's letter to Michael Turiello of April 12, 2007)

Defendants chose not to file a motion for extension or agree to an extension. Instead, Defendants filed a motion to stay the proceedings. Defendants cite no authority in the Federal Rules of Civil Procedure which would allow a motion to stay to toll the time to answer a complaint.

On May 2, 2007, this Court denied Defendants' Motion to Stay.

On May 3, 2007, Plaintiffs filed a Motion for Default Judgment. On the same day, Plaintiffs offered to withdraw the Motion for Default Judgment if the Defendants would agree to answer the Complaint no later than Friday, May 11, 2007. (Attached as Exhibit B is Jason Hatfield's letter to Christy Comstock of May 3, 2007)

Defendants rejected the offer and instead filed a motion for extension of time to answer the Complaint and to reply, stating that, "Plaintiffs' pleadings offer no legal citation in support of their argument that the Motion to Stay, with its explicit request that the Court stay Defendants' obligation to respond to the Plaintiffs' Complaint, was insufficient to toll Defendants' deadline to respond to Plaintiffs' Complaint until such time as the Court ruled on the Motion to Stay."

Contrary to Defendants' assertion, the Plaintiffs have alleged support for their motion, which is Rule 55, which states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

A motion to stay is not provided under the Rules of Civil Procedure. It is not a defense as provided in Rule 12. In the current circumstance, it is a motion to stall, which is evidenced further by Defendants' motion for an extension, which is untimely filed, and the Defendants' declaration on page 4 of Document 16, wherein they intend to file a motion to reconsider the Court's denial of the stay.

To date it has been forty-two (42) days since service was perfected on these particular Defendants. This is more than two times the amount of time allowed by the Civil Rules of Procedure, and these Defendants request an additional thirty (30) days to answer the Complaint. While a default judgment is a harsh remedy, it is the law. If the Plaintiffs waited one day after the statute of limitations had run to file their Complaint, it would be dismissed with prejudice. If the Court does not believe that a default judgment is warranted against these Defendants, then the Plaintiffs would request that the Defendants be ordered to file their Answer no later than Friday, May 11, 2007; that the Defendants be ordered to participate in a Rule 26(f) conference no later than Friday, May 18, 2007, and exchange initial disclosures pursuant to Rule 26(a)(1)(e).

WHEREFORE, Plaintiffs pray that their Motion for Default be granted; or in the alternative, that Defendants be ordered to file their Answer no later than Friday, May 11, 2007; that the Defendants be ordered to participate in a Rule 26(f) conference no later than

Friday, May 18, 2007, and exchange initial disclosures pursuant to Rule 26(a)(1)(e), and for all other relief to which Plaintiffs may be entitled.

Dated: May 4, 2007.

                                              CHARLES RAY SIMS and PAMELA SIMS, PLAINTIFFS

                                              LUNDY & DAVIS, L.L.P.
Attorneys for the Plaintiff
300 N. College Ave., Suite 309
Fayetteville, AR 72701
(479) 527-3921

By:     /s/ Jason M. Hatfield
        Jason M. Hatfield
        AR Bar #97143

## CERTIFICATE OF SERVICE

I, the undersigned, of Lundy & Davis, L.L.P., state that I have caused the above and foregoing document to be served upon defense counsel via e-mail transmission, as follows:

Hon. Christy Comstock
Hon. Robert L. Jones, III
Jones & Harper
21 West Mountain, Suite 300
Fayetteville, AR  72701
582-3382
587-8189 – fax
ccomstock@joneslawfirm.com

Hon. Edward B. Ruff
Hon. Michael P. Turiello
Pretzel & Stouffer, Chartered
One South Wacker Drive, Suite 2500
Chicago, IL  60606
(312) 346-1973
(312) 346-8242
eruff@pretzel-stouffer.com
mturiello@pretzel-stouffer.com

on this 4th day of May, 2007.

/s/  Jason M. Hatfield
Jason M. Hatfield